UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 MAR 21 P 3: 14

| | |
|---|---|
| **Maurice Demond Lowery**, #172345, aka Maurice Lowery, aka Maurice D. Lowery, aka Lord Musa God Allah,<br><br>        Plaintiff,<br><br>vs.<br><br>Willie Davis, Lt.;<br>Pat Brown (Sgt.);<br>Willie Eagleton (Warden);<br>Wallace Martin (Lt.), and<br>Mr. Kelly (Officer),<br><br>        Defendant(s). | ) C/A No. 2:06-509-TLW-RSC<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This is a civil rights action filed *pro se* by a state prison inmate.[1] Plaintiff is currently incarcerated at Evans Correctional Institution. This case is before the Court on Plaintiff's recently filed Motion to Dismiss without prejudice. (Entry 5). The Motion was filed after the Court issued its initial Order in this case (Entry 4), and served a set of special interrogatories on Plaintiff seeking more detailed information from him relative to his attempts to exhaust his SCDC administrative remedies prior to filing this case.

In his Motion, Plaintiff acknowledges that he did not institute a SCDC Step 2 grievance and await its final conclusion prior to filing the Complaint in this case. He, therefore, asks the Court to dismiss this case without prejudice so that he can pursue a Step 2 grievance. He further asks this Court to order officials at Evans Correctional Institution to provide him the forms required for the institution of a Step 2 grievance. With the

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. See also 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

exception of his request for an order to SCDC, Plaintiff's Motion should be granted and this case should be dismissed without prejudice.

Plaintiff's Complaint should be dismissed because it is now clear that he has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. In enacting the Prison Litigation Reform Act of 1996[2] (the PLRA), Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions[3] under section 1983 of this title, or any other Federal law, by a prisoner[4] confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process.[5] The United States Supreme Court has

---

[2] Pub. L. No. 104-134, Title VIII, 110 Stat. 1321-66.

[3] The PLRA does not define the term "prison conditions" for use in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Id. § 3626(g)(2). See Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999) (specifically requiring exhaustion of plaintiff's equal protection claim). The Second Circuit derives its definition from existing case law, defining prison conditions as "'those aspects of prison life affecting the entire prison population, such as the food, medical care, recreational facilities and the like,'" including "action affecting the prisoner [that] was dictated by prison policy or reflected a facility-wide practice affecting the entire inmate population." Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam*)). Both of these definitions encompass Plaintiff's claims herein.

[4] Subsection (h) defines "prisoner" to mean, in pertinent part, "any person incarcerated or detained in any facility who is *accused of*, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law[.]" Id. § 1997e(h) (emphasis added). Thus, exhaustion of administrative remedies is also required of pretrial detainees.

[5] In orders filed on May 9, 1996, this Court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). See

held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); see also Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, and not a jurisdictional infirmity, in this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the Court, *sua sponte* dismissal prior to service of the complaint is appropriate. See Anderson v. XYZ Correctional Health Services, Inc, 407 F. 3d 674, 683 (4th Cir. 2005).

In order to completely exhaust the SCDC administrative remedy, an inmate must fill out a Form 10-5, Step I about the matters raised in his Complaint and give the form to the Institutional Inmate Grievance Coordinator within fifteen (15) days of the alleged incident of which the inmate complains. The Warden will respond to the Step 1 grievance in writing no later than forty (40) days from the filing of the initial grievance. If the inmate is not satisfied with the Warden's response, he or she must file an appeal of the Step I grievance response by filing a Form 10-5a, Step 2 Request for Responsible Official Review with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the

---

the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996), which incorporate by reference SCDC PS-10.01 (May 1, 1996). Requiring Plaintiff to proceed in the SCDC administrative process before pursuing any federal remedies he may have provides him with an opportunity to prevail within the SCDC system that will be lost if the federal court proceeds without requiring that state remedies be exhausted.

3

Warden. A responsible official will have *sixty (60) days* to respond to the Step 2 grievance. The decision of the "responsible official" who answers Step 2 is the Department's final response in the matter. It is not necessary for the inmate to file an appeal with the state ALJ Division for matters pertaining to the prisoner's conditions of confinement. In such cases, if the prisoner is not satisfied with the response of the Step 2 SCDC Responsible Official Review, he or she may then file a complaint in Federal District Court about the alleged problems with the conditions of their confinement that were raised in their grievance. Since Plaintiff clearly acknowledges that he did not file a Step 2 grievance relative to the matters he seeks to raise as unconstitutional conditions of confinement in this case, it is clear that he filed this case prematurely and that summary dismissal for lack of exhaustion of administrative remedies is appropriate.

With regard to Plaintiff's request for an order requiring Evans Correctional Institutional personnel to provide Plaintiff with the required forms for instituting a Step 2 grievance, such request should be rejected. In order to fully exhaust administrative remedies, it is the responsibility of the prisoner to fully comply with the terms of the applicable policy regarding time limits and procedural matters. *See* Johnson v. Johnson, 385 F. 3d 503, (5th Cir. 2004); Strong v. David, 297 F.3d 646, 649 (7th Cir. 2002). It is not the federal court's place to order the prison to change or ignore its established rules and/or time limitations in order to save a prisoner's claims from his or her own failure to fully comply with the established procedures before filing federal lawsuits. Accordingly, the Court should not issue any order as requested by Plaintiff directing Evans Correctional Institution to do anything outside the routine procedure established for the SCDC administrative remedy process relative to Plaintiff's current desire to institute a Step 2 grievance.

4

## Recommendation

It is recommended that the District Court partially grant Plaintiff's Motion and dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

March 2/, 2006
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. See Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); see also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

6